UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL,<br><br>    Plaintiff,<br><br>COUNTY OF LOS ANGELES and LOS ANGELES COUNTY FLOOD CONTROL DISTRICT,<br><br>    Plaintiff-Intervenors,<br><br>NATIONAL ASSOCIATION OF CLEAN WATER AGENCIES,<br><br>    Plaintiff-Intervenor,<br><br>        v.<br><br>STEPHEN L. JOHNSON, Administrator, United States Environmental Protection Agency, and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>    Defendants. | E-FILED 09/04/08<br>JS-6<br><br>No. CV06-4843 PSG (JTLx) |

**CONSENT DECREE**

WHEREAS the Natural Resources Defense Council ("Plaintiff") filed a complaint in this action (CV Number 06-4843) against Defendants the United States Environmental Protection Agency ("EPA") and Stephen L. Johnson, in his official capacity as Administrator of EPA, on August 3, 2006; and the National Association of Clean Water Agencies and the County of Los Angeles and Los Angeles County Flood Control District ("Intervenors") subsequently filed complaints in intervention against Defendants (the signatories to this Consent Decree are collectively referred to as "the Parties");

WHEREAS the subject of this action is EPA's obligations to perform mandatory duties to complete studies under Section 104(v) of the Clean Water Act ("CWA"), 33 U.S.C §

1254(v), by October 10, 2003, and to publish water quality criteria under CWA § 304(a)(9)(A), 33 U.S.C. § 1314(a)(9)(A), by October 10, 2005;

WHEREAS by Court order dated November 19, 2007, all Administrative Procedure Act claims in Plaintiff's and Intervenors' Complaints were dismissed pursuant to stipulation of voluntarily dismissal;

WHEREAS by orders dated March 21, 2007 and April 7, 2008, the Court has ruled that EPA failed to perform its mandatory duties to complete the required studies under Section 104(v) of the CWA, 33 U.S.C § 1254(v), by October 10, 2003, and to publish water quality criteria under CWA § 304(a)(9)(A), 33 U.S.C. § 1314(a)(9)(A), by October 10, 2005;

WHEREAS in order to resolve this lawsuit, the Parties also have entered into a Settlement Agreement, which has been provided separately to the Court for informational purposes only; its terms are not incorporated into this Consent Decree and the Settlement Agreement is not an enforceable order of the Court;

WHEREAS by entering into this Consent Decree, the Parties do not waive or limit any claims or defense on any grounds related to any claims that are not resolved by this Consent Decree;

WHEREAS it is in the interest of the public, the Parties and judicial economy to resolve the issues in this action without protracted litigation, including a trial;

WHEREAS the Court finds and determines that this Consent Decree represents a just, fair, adequate, and equitable resolution of the claims raised in this action;

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

## I. GENERAL TERMS

1.      The Parties to this Consent Decree understand that (a) Stephen L. Johnson was sued in his official capacity as Administrator of the United States Environmental Protection Agency; and (b) obligations arising under this Decree are to be performed by EPA and not Stephen L. Johnson in his individual capacity.

2.      This Consent Decree applies to, is binding upon, and inures to the benefit of the Parties (and their successors, assigns, and designees).

3.      For purposes of entry and enforcement of this Consent Decree only, the Parties to this Consent Decree agree that the Court has jurisdiction over any disputes pertaining to any alleged violations of this Consent Decree.

## II. DEFINITIONS

4.      For purposes of this Decree, the following terms shall have the meanings provided  below:

a.  "APA" means the Administrative Procedure Act, 5 U.S.C. §§ 551-559, 701-706.

b.  "Consent Decree" means this document.

c.  "Settlement Agreement" means the Settlement Agreement signed by the Parties in this case.

d.  "Clean Water Act" or "CWA" means the Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 et seq.

e.  "EPA" means Stephen L.  Johnson, the Administrator of EPA, or the Administrator's duly authorized representative, and the United States Environmental Protection Agency.

f.  "Plaintiff" means the Natural Resources Defense Council; "Intervenors" means the National Association of Clean Water Agencies and the County of Los Angeles and Los Angeles County Flood Control District.

g.  The "Complaints" means the complaint filed in this case by the Natural Resources Defense Council on August 3, 2006, to initiate the lawsuit titled

1   above, and the complaints in intervention filed by the National Association
2   of Clean Water Agencies, and the County of Los Angeles and Los Angeles
    County Flood Control District on March 19, 2007, and February 6, 2007,
3   respectively.

4   h.   "New or revised water quality criteria for pathogens and pathogen
         indicators pursuant to 33 U.S.C. § 1314(a)(9)(A)" means new or revised
5        water quality criteria that may be measured by one or more pathogens or
6        "pathogen indicators" or both.

7   i.   "Pathogen indicator" has the meaning provided at 33 U.S.C. § 1362(23).

8   j.   "Water quality criteria" has the meaning provided in the definition of
         "Section 304(a) Criteria" at 40 C.F.R. 131.3(c).
9

10  k.   "Coastal recreation waters" has the meaning provided at 33 U.S.C. § 1362
         (21) or as subsequently amended.
11

12  l.   Critical Path Science Plan" ("CPSP") means the document EPA released on
         August 31, 2007, which describes, among other things, the studies EPA
13       indicated it intended to conduct for the purpose of developing new or
         revised water quality criteria pursuant to Section 304(a)(9)(A) of the CWA,
14       33 U.S.C. § 1314(a)(9)(A).

15  m.   "Complete," when modifying any form of the word "study" in Paragraph 5
         of this Consent Decree, means EPA has (a) concluded its work related to the
16       project identified in Paragraph 5 of this Decree including, as EPA deems
17       necessary, internal and/or external peer review and addressing comments
         from such peer reviews, and (b) provided written notice to Plaintiff and
18       Intervenors as described in Paragraph 9(a) of this Decree.

19  n.   "Epidemiological Study" means  a study of human populations exposed to
20       coastal recreation waters that attempts to statistically link human health
         effects to  concentrations of a substance or substances that indicate the
21       potential for human infectious disease.

22  o.   "Marine waters impacted by urban runoff" means marine waters impacted
23       by urban sources of pollution, including possible discharges of storm water
         or storm water runoff.  Marine waters impacted by urban runoff do not
24       include marine waters that are known to EPA, at the time EPA makes the
         final selection of the site for the study, to be impacted by (1) discharges
25       from publicly owned treatment works or combined sewer overflows or (2)
26       identified discharges of untreated human waste from sanitary sewer systems
         that would interfere with the ability to accurately determine the relationship
27       between human illness and fecal indicators that originate from urban runoff.

28

p.  "Tropical region" includes waters in Puerto Rico, Hawaii, Guam, the Virgin Islands and south Florida (below 28 degrees latitude).

### III.  TERMS OF AGREEMENT

5.     Pursuant to CWA § 104(v), no later than December 15, 2010, EPA shall complete the following studies:

(a) an epidemiological study in marine waters impacted by urban runoff in a temperate region, and

(b) an epidemiological study in a tropical region.

6.     No later than October 15, 2012, EPA shall sign for publication in the Federal Register a notice announcing the availability of new or revised water quality criteria for pathogens and pathogen indicators pursuant to 33 U.S.C. § 1314(a)(9)(A).

7.     Contempt of court shall not be a remedy for any failure to comply with the requirements of Paragraph 5 above.

8.     In selecting a site for an epidemiological study in a tropical region pursuant to Paragraph 5(b) of this Decree, EPA will determine if there is a suitable location in Puerto Rico, Hawaii, Guam or the Virgin Islands for conducting the study.  If EPA determines there is not a suitable location in Puerto Rico, Hawaii, Guam or the Virgin Islands, EPA will document its determination, including the basis for that determination, and provide a copy to the parties to this Decree.  If EPA makes such a determination, EPA may select a suitable location in south Florida for the study.

9.     (a) When it completes a study described in Paragraph 5 of this Decree, EPA will provide written notice to the other Parties, including a summary of the study and findings, and a statement that the study has been completed.

(b) EPA will submit to the Court, the Plaintiff, and Intervenors a semi-annual status report concerning the actions of EPA under the Consent Decree for the six-month periods from January 1 – June 30 and July 1-December 31 each calendar year from January 1, 2009 until July 1, 2012. Each report shall be in writing, shall be provided within fifteen days after the conclusion of the six-month period to which it relates (January 15 or July 15), and shall include a description of the actions taken by EPA with respect to its obligations under the Consent Decree during the preceding six-month period and a description of the actions EPA intends to take with respect to its responsibilities under the Consent Decree during the following six months.

## IV.  EFFECTIVE DATE

10.     This Consent Decree shall become effective upon the date of its entry by the Court. If for any reason the District Court does not enter this Consent Decree, the obligations set forth in this Consent Decree are null and void.

## V.  REMEDY, SCOPE OF JUDICIAL REVIEW

11.     Nothing in this Consent Decree shall be construed to confer upon the Court jurisdiction to review any decision, either procedural or substantive, to be made by EPA pursuant to this Consent Decree, except for the purpose of determining EPA's compliance with this Consent Decree.

12.     Nothing in this Consent Decree alters or affects the standards for judicial review, if any, of any final EPA action.

## VI.  RELEASE BY PLAINTIFF AND INTERVENORS

13.     Upon entry of this Consent Decree by the Court, this Consent Decree and the Settlement Agreement (provided separately for informational purposes only) shall constitute a

complete and final settlement of all claims that were asserted, or that could have been asserted, by Plaintiff and Intervenors against Defendants relating to the allegations in the Complaints.

14.     Plaintiff and Intervenors hereby release, discharge, and covenant not to assert (by way of the commencement of an action, the joinder of the Administrator and/or EPA in an existing action, or in any other fashion) any and all claims, causes of action, suits or demands of any kind whatsoever in law or in equity that they may have had, or may now have, against Defendants related to the allegations in the Complaints, expressly including any allegation that EPA has failed to comply with CWA § 104(v), 33 U.S.C. § 1254(v).  Plaintiff and Intervenors expressly reserve the right to challenge in any forum and on any ground (including that the criteria are based on improperly designed, or improperly conducted studies) the lawfulness of the recreational water quality criteria EPA ultimately adopts pursuant to CWA § 304(a)(9)(A), 33 U.S.C. § 1314(a)(9)(A).  Defendants reserve all defenses to any such challenge.

**VII.  TERMINATION OF CONSENT DECREE AND DISMISSAL OF CLAIMS**

15.     This Consent Decree shall terminate after fulfillment of EPA's obligations under this Decree.  Upon termination of this Consent Decree, this case shall be dismissed with prejudice.

**VIII.  FORCE MAJEURE**

16.     The Parties recognize that the performance of this Consent Decree is subject to fiscal and procurement laws and regulations of the United States which include, but are not limited to, the Anti-Deficiency Act, 31 U.S.C. § 1341, et seq.  The possibility exists that circumstances outside the reasonable control of EPA could delay compliance with the obligations in this Consent Decree.  Such situations include, but are not limited to, a government shutdown; catastrophic environmental events requiring immediate and/or time-consuming response by EPA; and extreme weather events (including but not limited to

drought and hurricanes) that interfere with the completion of field data collection.  Should a delay occur due to such circumstances, any resulting failure to fulfill any obligation set forth herein shall not constitute a failure to comply with the terms of this Consent Decree, and any deadline so affected shall be extended one day for each day of the delay, or if a force majeure event interferes with EPA's collection of field data, the deadline shall be extended for a reasonable period to allow EPA to complete data collection, and the deadline in Paragraph 6 of this Consent Decree shall be extended to April 30, 2013, or to an alternative date jointly agreed upon by the Parties.  EPA will provide Plaintiff and Intervenors with reasonable notice in the event that EPA invokes this Paragraph.  Any dispute regarding such invocation shall be resolved in accordance with the dispute resolution provision of Paragraph 17 below.

## IX.  DISPUTE RESOLUTION

17.     In the event of a disagreement among the Parties concerning the interpretation or performance of any aspect of this Consent Decree, the dissatisfied Party shall provide the other Parties with written notice of the dispute and a request for negotiations.  The Parties shall meet and confer in order to attempt to resolve the dispute within 21 days of the written notice, or such time thereafter as is mutually agreed.  If the Parties are unable to resolve the dispute within 21 days of such meeting, then any Party may petition the Court to resolve the dispute.

## X.  MODIFICATIONS AND EXTENSIONS

18.     Any dates set forth in this Consent Decree may be extended by written agreement of the Parties and notice to the Court.  To the extent the Parties are not able to agree to an extension of any date set forth in this Consent Decree, EPA may seek modification of the date in accordance with the procedures specified below.

(a).     If EPA files a motion requesting modification of any date or dates established by this Consent Decree totaling more than thirty (30) days for each date and

provides notice to Plaintiffs at least thirty (30) days prior to filing such motion, and files the motion at least sixty (60) days prior to the date for which modification is sought, then the filing of such motion shall, upon request, automatically extend the date for which modification is sought. Such automatic extension shall remain in effect until the earlier of (i) a dispositive ruling by this Court on such motion, or (ii) the date sought in such motion. EPA may seek only one extension under this subparagraph for each date established by this Consent Decree.

(b). If EPA files a motion requesting modification of a date or dates established by this Consent Decree totaling thirty (30) days or less for each date, provides notice to Plaintiffs at least fifteen (15) days prior to the filing of such motion, and files the motion at least seven (7) days prior to the date for which modification is sought, then the filing of such motion shall, upon request, automatically extend the date for which modification is sought. Such extension shall remain in effect until the earlier of (i) a dispositive ruling by this Court on such motion, or (ii) the date sought in the motion. EPA may seek only one extension under this subparagraph for each date established by this Consent Decree.

(c). If EPA does not provide notice pursuant to Subparagraphs 18(a) or 18(b) above, EPA may move the Court for a stay of the date for which modification is sought. EPA shall give notice to Plaintiff and Intervenors as soon as reasonably possible of its intent to seek a modification and/or stay of the date sought to be modified.

(d). If the Court denies a motion by EPA to modify a date established by this Consent Decree, then the date for performance for which modification had been requested shall be such date as the Court may specify.

(e). Any motion to modify the schedule established in this Consent Decree shall be accompanied by a motion for expedited consideration.

**XI. CONTINUING JURISDICTION**

19.     The Court retains jurisdiction for the purposes of resolving any disputes arising under this Consent Decree, and issuing such further orders or directions as may be necessary or appropriate to construe, implement, modify, or enforce the terms of this Consent Decree, and for granting any further relief as the interests of justice may require.

## XII.  AGENCY DISCRETION

20.     Except as expressly provided herein, nothing in this Consent Decree shall be construed to limit or modify the discretion accorded EPA by the CWA, the APA, or by general principles of administrative law.

21.     Nothing in this Consent Decree shall be construed to limit or modify EPA's discretion after EPA performs any action pursuant to this Consent Decree to conduct additional studies or publish superseding water quality criteria.  Nothing in this Consent Decree relieves EPA of the obligation to act in a manner consistent with the CWA and other applicable law.

## XIII.  ATTORNEYS' FEES AND COSTS

22.     EPA agrees that Plaintiff and Intervenors are prevailing or substantially prevailing parties within the meaning of CWA § 505(d), 33 U.S.C. § 1365(d), and that they are entitled to reasonable attorneys' fees and costs accrued as of the effective date of this Consent Decree. The Parties will attempt to reach agreement as to the appropriate amount of the recovery.  If they are unable to do so, Plaintiff or any of the Intervenors may file an application with the Court for the recovery of reasonable fees and costs within 60 days of entry of this Consent Decree, or by such later date as set by the Court upon motion or otherwise, and the United States shall have 45 days to respond to any such application.

## XIV.   NOTICE AND CORRESPONDENCE

23.      Any notice required or made with respect to this Consent Decree shall be in writing and shall be effective on the date that notice is delivered by an overnight mail/delivery service.  For any matter relating to this Consent Decree, the contact persons are:

For the Plaintiff, Natural Resources Defense Council:

Aaron Colangelo
Natural Resources Defense Council
1200 New York Avenue NW, Suite 400
Washington, D.C. 20005


For Intervenor, National Association of Clean Water Agencies:

David W. Burchmore
Squire, Sanders & Dempsey L/L/P.
4900 Key Tower
127 Public Square
Cleveland, OH 44114


For Intervenors, The County of Los Angeles and Los Angeles County Flood Control District:

Rossana D'Antonio
Principal Engineer
L.A. County Department of Public Works
Watershed Management Division
900 South Fremont Avenue
Alhambra, CA 91803

Laurie E. Dods
Deputy County Counsel
Los Angeles County Hall of Administration
500 West Temple Street
Los Angeles, CA 90012


For the Defendants:

Chief, Environmental Defense Section
Environment & Natural Resources Division
United States Department of Justice

P.O. Box 23986
Washington, D.C.  20026-3986

Associate General Counsel
Water Law Office
Office of General Counsel
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Mail Code 2355A
Washington, DC  20004 20460

Upon written notice to the other Parties, any Party may designate a successor contact person for any matter relating to this Consent Decree.

## XV.  REPRESENTATIVE AUTHORITY

24.      Each undersigned representative of the Parties to this Consent Decree certifies that he or she is fully authorized by such Party to enter into and execute the terms and conditions of this Consent Decree, and to legally bind such Party to this Consent Decree.  By signature below, the Parties consent to entry of this Consent Decree.

## XVI.  MUTUAL DRAFTING

25.      It is expressly understood and agreed that this Consent Decree was jointly drafted by the Parties.  Accordingly, the Parties hereby agree that any and all rules of construction to the effect that ambiguity is construed against the drafting Party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree.

## XVII.  COUNTERPARTS

26.      This Consent Decree may be executed in any number of counterpart originals, each of which shall be deemed to constitute an original agreement, and all of which shall constitute one agreement.  The execution of one counterpart by any Party shall have the same force and effect as if that Party had signed all other counterparts.

## XVIII.  EFFECT OF CONSENT DECREE

27.    This Consent Decree shall not constitute an admission or evidence of any fact, wrongdoing, misconduct, or liability on the part of the United States, its officers, or any person affiliated with it.  Nothing in this Consent Decree shall constitute, or be used as evidence of, a determination by EPA that any study conducted to comply with Paragraph 5 of this Consent Decree is required by Section 104(v) of the CWA.

## XIX.  COMPLIANCE WITH OTHER LAWS

28.    No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that EPA obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or take any action in contravention of the CWA, or any other law or regulation, either substantive or procedural.

## XX.  APPLICABLE LAW

29.    This Consent Decree shall be governed by and construed under the laws of the United States.

## XXI.  THIRD-PARTY BENEFICIARIES

30.    Nothing in this Consent Decree shall be construed to make any other person or entity not executing this Consent Decree a third-party beneficiary to this Consent Decree.


The Parties consent to the form, substance and entry of the foregoing Consent Decree.

1

2
FOR THE DEFENDANTS:

3
                            Ronald J. Tenpas
                            Assistant Attorney General

4
                            Environment and Natural Resources Division

5

6
Dated: _____       By: _____

7
                            Martin F. McDermott
                            Environmental Defense Section

8
                            Environment and Natural Resources Division

9
                            U.S. Department of Justice
                            P.O. Box 23986

10
                            Washington, D.C.  20026-3986

11

12
Of Counsel for the United States
Environmental Protection Agency:

13

14
Leslie J. Darman
Office of General Counsel

15
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.

16
Mail Code 2355A
Washington, D.C.  20460

17

18

19

20

21

22

23

24

25

26

27

28

1

2    FOR THE PLAINTIFF, Natural Resources Defense Council:

3

4    Dated: _____          By: _____

5                                   Aaron Colangelo
                                    Natural Resources Defense Council
6                                   1200 New York Avenue NW, Suite 400
                                    Washington, D.C. 20005
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2    <u>FOR INTERVENOR</u>, National Association of Clean Water Agencies:

3

4    Dated: _____          By: _____
                                     David W. Burchmore
5                                    Squire, Sanders & Dempsey L/L/P.
                                     4900 Key Tower
6                                    127 Public Square
                                     Cleveland, OH 44114
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2   <u>FOR INTERVENORS</u>, the County of Los Angeles and Los Angeles County Flood Control
    District:

3

4   Dated: _____        By: _____

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**ORDER**

2

3
     UPON CONSIDERATION OF THE FOREGOING, this Consent Decree is hereby

4
APPROVED AND ENTERED.

5
     SIGNED and ENTERED this 4th day of September.

6

7

8
                                        _____

9
                                        United States District Judge
                                        Philip S. Gutierrez
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28